Supreme Court, Erie Special Term, March, 1900. Unreported.

In the Matter of the Petition of HENRY H. LYMAN to Revoke the Liquor Tax Certificate of WILLIAM H. McCARTHY.

KENEFICK, J.   This is a proceeding under subdivision 2, section 28 of the Liquor Tax Law to revoke a certificate upon the ground that material statements in the application of the holder of such certificate were false.   The respondent applied for a certificate on or about May 18th, 1899, and the same was issued on that date under subdivision 1 of section 11 of the Law, which is equally applicable to saloons and hotels.   The form of applica· tion to carry on the business either as a saloon or as a hotel is the same, and is prescribed by section 17 of the law.   Among the other things therein required to be stated in the application is,

" 9. If the traffic in liquors is to be carried on in connection with the business of keeping a hotel, the applicant shall also show by his application that all the requirements of section thirty-one hereof defining hotels have been complied with."

The respondent in his application for a certificate stated that he was to conduct a hotel in connection with the business of trafficking in liquors.   He further stated therein in answer to question 26 thereof that the premises met the requirements of section 31 of the law as to hotels.   The form of tax certificate issued either to a saloon or hotel is precisely similar.

The petition alleged that the answer to question 26 " was a material statement, and *was and is false*"; that the premises " *did not and do not* meet the requirements of section 31," and then proceeds to point out wherein the premises did not and *do not* meet the requirements of section 31.

The answer was a general denial of all the allegations of the petition.   A reference was ordered and this is a motion, upon the testimony returned by the referee, to revoke respondent's certificate.

The testimony on the part of the petitioner was given by two special agents of the State Excise Department, who testified in substance that in September, 1899, they examined the respondent's premises; that they found but seven bedrooms, of these but four were furnished; two of the unfurnished rooms did not have

independent access to a hallway, and a one-inch partition separated the last two mentioned rooms. It is manifest that the premises as they existed in September, 1899, did not meet the requirements of section 31. There is no evidence in the case to show whether the premises met the requirements of the law when the application was made and the certificate issued.

One of the special agents on cross-examination testifies that upon the occasion of this examination respondent told him that " originally there were more rooms in the hotel and they had been changed " and both special agents testified that respondent told them that he was not running a hotel any longer but a concert hall.

The respondent testifies in his own behalf that he was engaged in the hotel business on these premises and had been so engaged for three years; that prior to engaging in this business at that place the Excise Department had sent an inspector to examine his premises, and that this inspector had told him he had the necessary number of rooms to run a hotel; that in June, 1899, he caused changes to be made in and about the premises in regard to rooms, alterations, etc., and that after making such changes the premises were not in the same condition as at the time he made this application, and that in this application he did not knowingly make any false or fraudulent representations in regard to the conditions of the premises. He was not asked as to the conditions of the premises at the time the application was made nor was he asked as to the number of rooms it then contained, nor as to their location or furnishings.

In order to determine that these premises did not meet the requirements of the law when the application was made, and therefore that respondent had made material false statements in his application upon this subject, we must indulge in the presumption that the premises were the same in May, 1899, as the agents found them in September, 1899. What evidence there is in the case, although it is slight, tends to rebut that presumption, for it tends to show that the premises were altered between the issuance of the license and the time of the examination. Such a presumption is not allowable.

Assume that his premises originally met all the requirements of the law, but that after the issuance of the license he determined to use some of the bed-rooms for other purposes or otherwise alter the premises so that they did not conform to

the requirements of section 31, did such alteration divest him of the right to traffic in liquors under his certificate? Not at all. The law did not require him to report such alteration to the Excise Department, or to surrender up his certificate. He could still traffic in liquors, but he was denied the special privilege accorded under section 31 of the act to keepers of hotels which conform to the requirements of that section. If after such alterations *he availed himself of those privileges* he violated the law, and his certificate could be revoked *for such a violation.*

The revocation of this certificate is not sought because of any illegal sales of liquors. The sole basis of the proceeding is the alleged false statement in his application for a certificate.

The evidence does not warrant a determination that the statement was false when made, and when the certificate was issued.

For the promotion of substantial justice however, I have determined to permit the petitioner's attorneys to enter an order sending this proceeding back to the same referee for the purpose of permitting the petitioner to offer any evidence he may desire as to the condition of the premises when the application was made and the certificate issued; if, however, such an order is not entered within twenty days from the date of this memorandum respondent's attorney may enter an order dismissing the proceeding without costs.